## C. S. ALLEN et al *v.* DENT & CORDES.

1. LEASE. *Forfeiture.* A lease, under which the rent is payable at intervals during the term, and which provides that if the lessee fail to pay the rent as stipulated, it is to be terminated and at an end, is not forfeited by such failure to pay, unless the lessor, by some affirmative act, insist upon the condition—such as a prompt re-entry with such purpose—after demand of the rent.

2. SAME. *Same. Waiver.* A recognition of the lessee's rights after he has failed to perform the condition, is a waiver of the forfeiture.

Allen *v.* Dent.

3. SAME. *Construction.* The true construction of a lease which obligated the lessee to pay, during the term, the taxes that should accrue on the property, and which also provided that upon a failure to do so, he should forfeit his lease and also forfeit the right to remove the improvements placed upon the land, is that the taxes shall be paid in the ordinary course of collection without in anyway becoming a burden to the lessor. Whether paid before or after the expiration of the lease is immaterial.

4. TRESPASS. *Conversion.* A single act affecting chattels, which the owner of the chattels has the right to elect to treat either as a trespass or as a conversion of the chattels, is an entirety, and cannot be treated as a trespass as to one of the chattels and as a conversion as to the other.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

HUMES & POSTON, MYERS & SNEED and BIGELOW & HILL for Complainants.

HARRIS & TURLEY for Defendants.

FREEMAN, J., delivered the opinion of the Court.

The questions for decision in this case grew out of the following state of facts :

A lease was made to respondent Cordes the 3d of April, 1867, by Mrs. Allen, the guardian of the present complainant, of certain vacant ground in the City of Memphis, at a rent agreed upon between the parties. The lessee bound himself to pay, during the term of said lease, " all the State, County and City taxes, and also all expenses,

charges and costs which might accrue on said property." At the expiration of this term, which was for two years, it was renewed, with the modification that nothing was to be paid in the form of charges except the taxes, but with the other conditions unchanged. It was further provided that Cordes should have the privilege of improving the property as he might choose, and "might, at the expiration of said lease, remove any house or houses that he may have erected on said premises, provided he has complied with all the terms and conditions hereinbefore set forth." But should he "fail to pay the rent, as stipulated and agreed, for thirty days after maturity of each quarterly payment, and fail to pay the taxes as aforesaid, then this lease is to be terminated and at end, and all the improvements that may be made on said lots to be forfeited to the said Mary C. Allen, guardian, and she or any duly appointed agent, has the right of immediate. entry upon said premises and improvements, with power to dispossess the said Cordes, or any of his tenants, all the improvements and buildings to remain on said lot, as the absolute property of the owners, free from all claims on the part of the lessee."

There is then added, that at the expiration of said lease, Cordes was to return the property and leave a good plank fence around it, with cedar posts; but this is not connected with the conditions imposing the forfeiture.

The term expired on the 3d of April, 1870, and

the houses not having been removed, the parties negotiated for some days, had several interviews, but failed to agree, as to their purchase. Between the 25th of that month and the 2nd of May the owners of the lots, present complainants, got possession, and when an attempt was made by an agent of the respondent, Cordes, to remove, they filed the original bill to enjoin him from so doing.

Cordes was allowed to become defendant, and answered the bill, and also filed a cross-bill, claiming that complainants had unlawfully taken possession of the property, and had received the rents and profits from the same, the houses being worth, as alleged, twenty dollars per month. It is also charged that some of the buildings had been burned, after possession taken by complainants, but that materials were left on the ground, of the value of two hundred dollars, which complainants had retained possession of. The theory of this cross bill is, that, as to the houses remaining, Cordes is entitled to rents by reason of their unlawful occupation by complainants; as to the houses burned, the claim is, that he has received something over twenty-nine hundred dollars from Insurance Companies, by way of indemnity, he is entitled now to receive the difference between the amount so received and the real value of the buildings destroyed, with their rents before destruction, also the value of the *debris* left after their destruction. Complainant in his cross bill also claims a lien on the lots on which the property was

situated, to secure whatever he may be entitled to recover.

We proceed to dispose of the questions presented in the record.

We had occasion, on a former appeal, to investigate the question of whether the forfeiture claimed by complainant could be sustained on the facts, or a similar state of facts. We see nothing in this record to change the result then reached; we then held that such a forfeiture could only be enforced on the failure to perform the condition, by an affirmative act, such as a prompt re-entry, with such purpose, after demand of the rent; a failure to do so during the term, and recognition of the lessee's right, after the failure to perform the condition, would always be treated as a waiver. In this we followed the rule stated by this Court in *Levett* v. *Bickford*, 8 Hum., 618–620, that such a right is strictly construed, and is not encouraged by the law.

There is no ground for a forfeiture shown in this case. The rent had been promptly paid. The taxes had been paid also, except, possibly, a small amount for the last year, all of which was paid within a few days after the termination of the lease, and within the usual period when such taxes are paid under our practice, and without any cost or annoyance to complainants.

The true construction of the contract is, that such taxes shall be paid in the ordinary course of collection, and shall not become, in any way, a burden on the lessor. This condition, in any

Allen *v.* Dent.

view of the case, was fairly complied with. So, that the right to assert a forfeiture cannot be sustained in any view of the case.

As to the houses not burned, we think it clear that Cordes is entitled under the frame of his bill, treating the property as his own, and not going on the idea of a conversion, to be compensated for the reasonable value of the use of these houses, as houses situated on another's land, that is, the value of such use, less the value of the use of the land on which they stood, that being complainant's.

His right to removal having been only suspended by the action of complainants, he is now entitled to remove such as remain, and it will be so decreed : See *Cheatham* v. *Plinke*, 1 Tenn. Ch. 579, and authorities there cited.

As to the houses burned, Cordes is entitled to the like value of their use until burned, but not having chosen to treat the original occupation as a conversion, and going on the idea that the property was still his, he is not entitled to treat them as his for the purpose of charging rents or for their use, and also in receiving indemnity from the Insurance Companies, and at the same time hold the lessors liable for their value when burned, as property by them converted to their own use.

The property being his when burned, and so treated by him, he must be held to the rule, that he who owns must bear the loss from its destruction.

Allen *v.* Dent.

The result might be different if the loss had been shown to have resulted from neglect or want of proper care; or any act of the lessors after taking possession, but nothing of this kind is pretended.

The party could not, perhaps, in any aspect of this case, recover for the property destroyed, and claim the other, not destroyed, as his own, as he has done. This would be to treat the same act, to-wit.: the taking possession wrongfully, as simply a trespass, as to the property unburned and as a conversion of the houses subsequently burned. The act was single, and the consequences should be held to be entire, and either the one or the other, a trespass or a conversion.

Be this as it may, on the case made, we think we have laid down the correct rule.

We are equally clear there can be no lien on the land on which these houses were situated. It is a simple case of wrong done to the personal property of the owner, for the contract of the parties so made these houses. The fact that these houses happened to be placed on the land of complainants, cannot give any right to charge that land for injury done to them. That is all there is in this case on which to base the claim for such lien.

The result is, a decree will be drawn in accord with this opinion. The costs of this Court will be paid by the respondent, Cordes; of the Court below as ordered by the Chancellor. A

reference may be had to the Clerk of this Court, as to the value of the use of the houses, or if preferred, the case can be remanded for the account.